**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT ASHLAND**

**CRIMINAL CASE NO. 10-11-DLB-4**

**UNITED STATES OF AMERICA**                                                                 **PLAINTIFF**


**v.**                                       **REPORT AND RECOMMENDATION**


**CHRISTINA M. BENTLEY**                                                                 **DEFENDANT**


\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

On October 14, 2015, this matter came before the Court for a Final Revocation Hearing on the United States Probation Office's Report that Defendant Christian M. Bentley had violated a condition of her supervised release. Defendant was present in Court and represented by Michael B. Fox, and the Government was represented by Assistant United States Attorney Anthony J. Bracke. The proceeding was electronically recorded and is contained in the Court's audio file at KYED-COV_0-10-cr-11-DLB-CJS-20151014_132540; the official record of this proceeding was certified by Linda Tierney, Deputy Clerk.

Upon call of this matter at the Final Revocation Hearing, the parties informed the Court that they had reached an agreement on the pending violation. Specifically, Defendant agreed to plead guilty to the violation as set forth in the September 15, 2015, Violation Report, waive allocution and her right to appeal any sentence ultimately imposed by presiding District Judge Bunning and, in exchange, the Government agreed to recommend a sentence of 5 months of imprisonment with a 24-month term of supervised release to follow to include the same special conditions previously imposed. For the reasons that follow, the parties' agreement is an appropriate disposition of this

matter, and therefore it will be **recommended** that Defendant's **supervised release be revoked** and that she be **sentenced to a 5-month term of imprisonment, with a 24-month term of supervised release** to follow, which shall include all conditions originally imposed.

## I.      Procedural Background

On December 13, 2010, Defendant pleaded guilty to one count of conspiracy to distribute oxycodone in violation of 21 U.S.C. §§ 841(a)(1) and 846. (R. 90). On April 11, 2011, the presiding District Judge entered Judgment, sentencing Defendant to a 36-month term of imprisonment with a 3-year term of supervised release to follow. (R. 183).

On November 12, 2013, Defendant was released from prison to begin her term of supervision. (R. 227). From June 5, 2014, to July 14, 2015, Defendant had four instances of non-compliance with her conditions of supervision as set forth in the Probation Officer's various submissions to the Court. (R. 214, 220, 221, 224). After each violation, the Probation Officer requested modifications to Defendant's supervision, which ranged from a period of home detention to requiring she serve 12 weekends of intermittent confinement. The presiding District Judge granted the requested modifications. (*Id.*). At this time, Defendant still has 2 weekends to serve on her special condition that she serve 12 weekends of intermittent confinement.

Defendant now stands before this Court charged with another violation of her supervised release conditions relating to her having contact with a convicted felon without permission from her probation officer. The charged violation was presented to the Court via the Probation Officer's September 15, 2015, Violation Report. As discussed above, during the Final Revocation Hearing, counsel informed the Court that the parties had reached an agreement: Defendant was prepared to plead guilty to the violation, and the parties agreed on a recommended sentence of 5 months of

incarceration, which includes releasing her from the obligation of serving the remaining two weekends of intermittent confinement, with a 24-month term of supervision to follow.

The undersigned explained to Defendant the statutory maximum terms of incarceration and supervised release as well as the applicable guideline range.  The undersigned further explained that while a recommendation of an appropriate sentence will be made to the presiding District Judge, it is ultimately the decision of the presiding District Judge as to the final sentence to be imposed. Defendant acknowledged her understanding and stated it was her desire to plead guilty to the violation set forth in the September 15, 2015, Violation Report of the United States Probation Officer.  Specifically, Defendant admitted to the following violation of supervised release and the factual circumstances set forth below:

> **Violation #1**: The Defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer.  (Grade C violation).

On September 11, 2015, Defendant admitted to her Probation Officer that she frequently met Mr. Snider, a convicted felon, outside the perimeter of Linden Grove Cemetery.  Defendant also admitted that she knew that Mr. Snider is a convicted felon and that she should not be associating with him.

The undersigned is satisfied from the dialogue with Defendant that she understands the nature of the violation as charged, she has had ample opportunity to consult with counsel, and that she enters her guilty plea to the charge knowingly and voluntarily.  Therefore, based on Defendant's plea of guilty to this violation, the undersigned finds and will recommend that the District Court find that Defendant has violated a condition of her supervised release as charged.  Defendant has waived her right to allocution, and she waived her right to appeal any sentence the presiding District Judge

should ultimately impose.  The only issue remaining is the appropriate sentence to impose for the admitted violations.

## II.     Sentencing

The Court may revoke a term of supervised release after finding that a defendant has violated a condition of supervised release.  *See* 18 U.S.C. § 3583(e)(3).  Upon revocation, a court should impose a sentence that is sufficient, but not greater than necessary to comply with the purposes set forth in 18 U.S.C. § 3553(a).  *See id.* § 3583(e).  The sentencing court is to consider:

1. The nature and circumstance of the offense and the history and characteristics of the Defendant, *see* 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed to afford adequate deterrence to criminal conduct, *see* 18 U.S.C. § 3553(a)(2)(B); to protect the public from further crimes of the Defendant, *see* 18 U.S.C. § 3553(a)(2)(C); and to provide the Defendant with needed educational or vocational training, medical care, or other corrective treatment in the most effective manner, *see* 18 U.S.C. § 3553(a)(2)(D);

3. The kinds of sentence and the applicable sentencing range established in the United States Sentencing Commission's Sentencing Guidelines, any amendments thereto, and any associated policy statements made by act of Congress or issued by the Sentencing Commission and in effect on the date the Defendant is sentenced, for a violation of a term of supervised release, *see* 18 U.S.C. § 3553(a)(4),(5);

4. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, *see* 18 U.S.C. § 3553(a)(6); and,

5. The need to provide restitution to any victims of the offense, *see* 18 U.S.C. § 3553(a)(7).

18 U.S.C. §§ 3583(e) and 3553(a); *see also United States v. Williams,* 333 F. App'x 63, 69 (6th Cir. 2009).  In determining an appropriate sentence, the applicable policy statements in the Sentencing

Guidelines, *see* United States Sentencing Guideline (U.S.S.G.) Ch. 7, Pt. B, and certain factors set

out in 18 U.S.C. § 3553(a), as set forth above, must be considered.

Classification of Defendant's underlying criminal offense results in a maximum term of

incarceration upon revocation of her supervised release of 24 months, the underlying offense being

a Class C felony. *See* 18 U.S.C. § 3583(e)(3). United States Sentencing Guideline 7B1.4(a) suggests

a revocation range of imprisonment of 5 to 11 months, based upon Defendant's criminal history

category of III and her supervised release violation being a Grade C violation. In addition, Defendant

may also be placed back on supervised release following any term of imprisonment that were to be

imposed upon revocation. Under the statute, the maximum term of further supervised release that

could be imposed would be life. *See* 18 U.S.C. § 3583(h); 21 U.S.C. § 841(b)(1)(C).

As explained above, the parties have agreed to a recommended sentence of 5 months of

incarceration with a 24-month term of supervised release to follow. In addition, the parties have

agreed that Defendant will be relieved of the requirement that she serve the remaining two weekends

of intermittent confinement imposed as a special condition of her supervised release. Upon

consideration of the entire record, including the September 15, 2015, Violation Report, the

sentencing materials from the underlying Judgment in this District, the § 3553 factors imported into

the § 3583(e) analysis, and the applicable policy statements, the undersigned concludes that the

parties' recommended sentence of 5 months of incarceration is appropriate.

Concerning to the Court is that Defendant has continued to violate her conditions of

supervision despite the Probation Officer's repeated efforts to instill in her the importance of

following the conditions of her supervision by the imposition of additional special conditions.

Revocation is appropriate to instill in Defendant the importance of complying with the terms of her

supervision.  A 5-month term of incarceration after this revocation is sufficient, but not greater than necessary, to comply with the sentencing factors the Court is to consider under § 3553.

The parties' agreed-upon recommendation of a 24-month term of supervision to follow is also appropriate.  Defendant requires the services of the U.S. Probation Office to assist in her transition back into the community upon her release.  The Court strongly emphasizes the importance of Defendant fully complying with the conditions of her supervised release following her period of incarceration.  Further violations, after having served a 5-month term of imprisonment on this violation, will be looked upon unfavorably.

Lastly, the parties have agreed that Defendant should be given the benefit of self-surrendering to provide her with an opportunity to arrange her personal affairs.  While Defendant will be given the benefit of self surrender, she will be required to remain on her current conditions of supervision, absent the condition of weekend confinement, until her self surrender.

## III.    Conclusion and Recommendation

Accordingly, the undersigned being satisfied from dialogue with Defendant that she understands the nature of the violations, has had ample opportunity to consult with counsel, and enters her plea of guilty to the violation knowingly and voluntarily; and the undersigned having considered the pertinent § 3553(a) factors, the advisory Guidelines and policy statements, and the presentations of counsel, **IT IS RECOMMENDED** that:

1.      Defendant **Christina M. Bentley** be found to have **violated** a term of her supervised release as set forth in the September 15, 2015, Violation Report;

2.      Defendant's supervised release be **revoked;**

3.      Defendant be sentenced to the custody of the Attorney General for a term of imprisonment of **5 months,** with a **24-month term of supervised release to follow** on the same conditions originally imposed; and

4.      Defendant be ordered to self surrender by reporting on **Wednesday, October 28, 2015, before 2:00 p.m.** to the United States Marshal's Office located at the United States Courthouse, 35 West 5th Street, Covington, Kentucky.

The Clerk of Court shall forthwith submit the record in this matter to the presiding District Court Judge for consideration of the Report and Recommendation, Defendant and the United States having waived the period for the filing of objections hereto.

Dated this 15th day of October, 2015.

**Signed By:**

*Candace J. Smith*

**United States Magistrate Judge**

I:\DATA\S.R. violations R&R\10-11 Bentley R&R final.wpd